IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHEMETRIA TRIPLETT                                                                    PLAINTIFF

vs.                                                                    NO. 1:24-CV-201-GHD-RP

BO SWINDLE; et al.                                                                 DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is the Defendants' Motion for Judgment on the Pleadings [45]. The Plaintiff has not responded to the motion. Upon due consideration, the Court finds the motion should be granted and the Plaintiff's claims against all Defendants dismissed.

### Factual Background

On August 22, 2024, several law enforcement officers, including the Defendants, executed a search warrant at the Plaintiff's residence in Corinth, Mississippi. [Complaint, Doc. 1, at pp. 3-4]. The warrant authorized the officers to search the premises for cocaine, narcotics, paraphernalia, and other contraband pertaining to the trafficking of narcotics, including U.S. currency and firearms [1-1]. The Defendants executed the warrant, searched the premises and a vehicle not belonging to the Plaintiff, briefly detained and questioned the Plaintiff, and released the Plaintiff.

The Plaintiff subsequently filed this *pro se* litigation in which she, as best the Court can determine from the Complaint, alleges that the Defendants (Officers Swindle, Lettieri, Aaron, Mares, and Rogers, Detectives Suitor and Oglesby, and Corinth Police Chief Tucker, as well as various unnamed law enforcement officers), damaged her property during the search and caused

her to suffer anxiety.[1] The Defendants have now filed the instant motion for judgment on the pleadings. The Plaintiff has not filed any opposition to the motion.

## Standard for Judgment on the Pleadings

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167

---

[1] The Plaintiff brings her claims against the Defendant officers solely in their individual capacities pursuant to 42 U.S.C. § 1983.

L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion

The Defendants assert they are entitled to qualified immunity because, *inter alia*, the Plaintiff has failed to plausibly plead a constitutional violation. "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Waddell v. Voyles*, No. 1:19CV88-SA-DAS, 2021 WL 1208497, at *4 (N.D. Miss. Mar. 30, 2021) (quoting *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009)). "The defense of qualified immunity may be successfully invoked by a police officer 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982); *Cantu v. Rocha*, 77 F.3d 795, 805-06 (5th Cir. 1996)). "Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010).

3

"To determine whether a public official is entitled to qualified immunity, [courts] decide '(1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct.'" *Doe as Next Friend Doe v. Jewell*, 151 F.4th 236, 244-45 (5th Cir. 2025). Crucially, a plaintiff's inability to establish an underlying constitutional violation forecloses any chance of recovery against an individual defendant who asserts qualified immunity, and even if a plaintiff can establish a constitutional violation, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)); *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007) (holding that plaintiff's inability to establish underlying constitutional violation forecloses chance for recovery against individual defendant). The Plaintiff carries the burden of demonstrating that qualified immunity is inappropriate. *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021).

Here, the Court finds the Plaintiff has failed to allege facts that could plausibly establish a violation of a constitutional right. Her Complaint focuses on two aspects of the officers' execution of the search warrant: (1) that she suffered minor property damage during the search, and (2) that she was detained and questioned during the search and subsequently released. As to the Plaintiff's first allegation, although the Fourth Amendment guards against unreasonable searches and seizures, both the Supreme Court and the Fifth Circuit have ruled that reasonableness is the key inquiry and "[o]fficers executing search warrants on occasion must damage property in order to perform their duty." *Daila v. United States*, 441 U.S. 238, 258 (1979); *Richie v. Wharton Cnty. Sheriff Dep't Star Team*, 513 F. App'x 382, 386 (5th Cir. 2013) (holding that damage "incidental

4

to the execution of the warrant" is not considered unreasonable). The Court finds, in this instance, any alleged damage was incidental to the execution of the warrant and reasonable under the circumstances. The Plaintiff thus has failed to allege facts that could plausibly lead to a constitutional violation related to any property damage.

As for the Plaintiff's second allegation regarding her detention and questioning during the search, the Supreme Court long ago held that law enforcement personnel executing a search warrant founded on probable cause possess the authority to detain the occupants of the premises while the search is conducted. *Michigan v. Summers*, 452 U.S. 692, 705 (2005). The Supreme Court has further made clear a detention pursuant to a search warrant is permitted even when probable cause to arrest is lacking because "the additional intrusion caused by the detention is slight and because the justification for detention is substantial." *Bailey v. United States*, 568 U.S. 186, 193 (2013). Thus, the Court finds the Plaintiff has failed to allege facts that could plausibly lead to a constitutional violation based upon her temporary detention pursuant to the execution of the subject search warrant. Given these findings, the Court finds the Plaintiff has failed to allege facts that could plausibly lead to a finding a constitutional violation occurred relative to the subject search. Accordingly, the Court finds the Defendants are entitled to qualified immunity and dismissal of the Plaintiff's claims against them.

## Conclusion

For the reasons stated above, the Court finds the Defendants' Motion for Judgment on the Pleadings [45] should be granted, the Plaintiff's claims dismissed, and this case closed.

An order in accordance with this opinion shall issue this day.

This, the 12th day of January, 2026.

SENIOR U.S. DISTRICT JUDGE